UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARTIN MARTINEZ MARTINEZ,

Petitioner,

Case No. 2:26-cv-2945-KCD-KRH

v.

WARDEN, GLADES COUNTY DETENTION CENTER, US ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Martin Martinez Martinez challenged his immigration detention through a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Martinez's "detention is governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). But Martinez has already received a bond hearing, which was denied. (*See* Doc. 3-1 at 7-8.)

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). Martinez has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made

under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). But this Court does not sit in appellate review of the bond hearing. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Nor has Martinez shown any constitutional deficiency with the bond hearing.

Martinez also seemingly argues that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Martinez does not yet have a final removal order and his "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Martinez "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

Because Martinez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition (Doc. 1) is **DENIED**. The Clerk is

**DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 20, 2026.

Kyle C. Dudek
United States District Judge